UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL HANNON,
    Plaintiff,

v.

WARDEN WALTER FORD, et al.,
    Defendants.

No. 3:15-cv-00085 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Michael Hannon is a prisoner of the State of Connecticut. He has filed a *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against a large number of officials from the Connecticut Department of Correction. On the basis of my initial review of the complaint pursuant to 28 U.S.C. § 1915A(a), I conclude that plaintiff's claims may proceed.

**BACKGROUND**

The complaint names the following defendants of the Brooklyn and Enfield Correctional Institutions: Warden Walter Ford, Lieutenant Early, Lieutenant Kileen, Disciplinary Investigator Scagliarini, Disciplinary Investigator Sinelli, Disciplinary Investigator Cote, Disciplinary Coordinator Thomas, Counselor Ortiz, Officer Lyons, Counselor Anette Santana, Correctional Officer Rivera, Disciplinary Hearing Officer Prior, Disciplinary Hearing Officer Richardson, Counselor Supervisor Bowman, and District Administrator Quiros. All defendants are named in their individual and official capacities.

The complaint contains an extended narrative detailing plaintiff's problems with correctional officials, both at his former place of incarceration at the Enfield Correctional Institution and at Brooklyn Correctional Institution, where plaintiff was incarcerated as of the

1

filing of the complaint. Plaintiff alleges that while he was at Enfield, he filed several inmate grievances regarding the conditions of his confinement. Specifically, he complained of officers allowing gang activity, open gambling, fighting, assaults, drug sales and drug use in the dormitory. Plaintiff had reported this activity to various staff members and had been told that Lieutenant Early knew about the activity. Other inmates had also told plaintiff that Lieutenant Early, Lieutenant Kileen, Officer Lyons and Correctional Officer Rivera used gangs and other inmates to "do their bidding." *See* Doc. #1 at 8. Plaintiff informed Warden Ford and Counselor Supervisor Bowman that these conditions made him fear for his safety. When he received no response to his complaints, he filed the grievances.

On October 1, 2014, plaintiff served Lieutenant Early, Lieutenant Kileen, Correctional Officer Rivera and others with a civil lawsuit regarding these issues. The same day, he served two lawsuits on Counselor Anette Santana for intentionally obstructing his access to the courts and failing to comply with the "personal data act." *See* Doc. #1 at 9–10.

On October 8, 2014, plaintiff met with Warden Ford, Counselor Santana and Counselor Supervisor Bowman regarding the grievances. Warden Ford allegedly agreed to resolve all grievances and asked plaintiff to provide written proposals of reasonable resolutions. In exchange, plaintiff was told he had to withdraw all of the grievances.

On October 16, 2014, plaintiff was called to the captain's office and was confronted by Warden Ford, Lieutenant Early, Officer Lyons, and Counselor Supervisor Bowman regarding a letter he had written to the Commissioner of Correction. Warden Ford stated that he would not resolve any of plaintiff's grievances and gave plaintiff a notice stating he could not file any grievances for one year.

On November 6, 2014, plaintiff received a disciplinary report for interfering with safety

and security and placed in segregation. The disciplinary report was issued by Officer Rivera and approved by Lieutenant Kileen. Officer Rivera stated that plaintiff had given her a note stating that she was attractive and inviting her to dinner when plaintiff was released from custody. Lieutenant Early substituted a charge of threats for the charge of interfering with safety and security. Lieutenant Early, Officer Rivera, and Disciplinary Investigator Scagliarini fabricated evidence to obtain a guilty finding. Although plaintiff was told that the only evidence was the disciplinary report and the note, additional fabricated evidence was produced at the hearing.

The hearing was held on November 19, 2014, before Disciplinary Hearing Officer Prior. Plaintiff was denied a continuance to review the new evidence and the opportunity to cross-examine Officer Rivera. Following the hearing, plaintiff learned that Lieutenant Early was not the disciplinary coordinator at Enfield Correctional Institution and lacked authority to substitute one disciplinary charge for another. Plaintiff was found guilty and received the maximum possible sanctions. District Administrator Quiros upheld the guilty finding and sanctions.

While plaintiff was in segregation, correctional staff inventoried and packed his property and placed it in storage. Several days later, the housing unit officer permitted plaintiff to go into storage and retrieve his legal property, including several manila envelopes, pens and paper. Plaintiff was providing legal assistance in the form of drafting a motion to be filed for another person.

On November 20, 2014, one day before the plaintiff completed his fifteen-day stay in punitive segregation on the threats charge, Officer Lyons and Counselor Ortiz entered his cell and seized plaintiff's legal property. Counselor Ortiz issued plaintiff a disciplinary report for possessing another inmate's legal mail. Lieutenant Early served plaintiff the disciplinary report shortly before plaintiff was transferred to Brooklyn Correctional Institution.

Lieutenant Early and Disciplinary Investigator Scagliarini investigated the second disciplinary charge. Plaintiff requested but was denied copies of the evidence against him. The second hearing was held at Brooklyn Correctional Institution before Disciplinary Hearing Officer Richardson. Plaintiff complained that Lieutenant Early, Disciplinary Investigator Scagliarini, Disciplinary Investigator Sinelli, and Disciplinary Coordinator Thomas denied him access to the evidence against him. Disciplinary Hearing Officer Richardson denied plaintiff's request for a continuance and found him guilty. District Administrator Quiros upheld the disciplinary finding and sanctions. Disciplinary Investigator Cote signed the disciplinary report, but plaintiff never spoke with him regarding the contraband charge.

Plaintiff allegedly became eligible for community release or halfway house placement on December 2, 2014. Although a community release package could have been submitted in October 2014, no community release was requested.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoners' civil complaints and dismiss any portion of a complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir.

2010) (discussing special rules of solicitude for *pro se* litigants).

Plaintiff asserts that the punishment for his note to defendant Rivera constituted a violation of his right to freedom of speech; that he has been unlawfully retaliated against for asserting his right to file complaints, lawsuits, and grievances, through disciplinary charges, disciplinary process failures, denial of a community release package, and transfer; and that he was denied due process when District Administrator Quiros upheld the disciplinary findings in light of their many alleged deficiencies. He seeks money damages and declaratory and injunctive relief, including, *inter alia*, expungement of the disciplinary charges and return to a correctional facility closer to his only visitor.

Plaintiff sues all defendants in both their individual and official capacities, but he does not specify, in particular, in which capacity he seeks damages from them. The Eleventh Amendment divests this court of subject matter jurisdiction over any claim for monetary damages against state actors acting in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (absent a waiver or valid congressional override, the Eleventh Amendment bars damages actions in federal court against state officials acting in their official capacity). Section 1983 does not abrogate states' and state officials' Eleventh Amendment sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 342–43 (1979). Because this Court lacks subject matter jurisdiction over any claims for money damages against the defendants in their official capacity, those claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The Court cannot conclude at this time that any of plaintiff's remaining claims against defendants are without merit. This conclusion is without prejudice to the rights of any defendant to seek dismissal or summary judgment as permitted under the Federal Rules of Civil Procedure.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims for monetary damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).

(2) The Clerk shall verify the current work address of each defendant with the Department of Correction Office of Legal Affairs and mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** from the date of this Order. The Clerk shall report to the Court the status of that waiver request on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshals Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4) The Clerk shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint—either an answer or a motion to dismiss—within **sixty (60) days** from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim

recited above. They may also include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change-of-address. Plaintiff should also notify defendants or their attorney(s) of his new address.

It is so ordered.

Dated at Bridgeport this 3rd day of March 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge